Terrence APPLEWHITE,
Plaintiff–Appellant,

v.

Jerry BARRET, Assistant Warden; Lawrence White, Risk Management Coordinator; Vandalyn Rowe, Laundry Captain; Janna Thornbrough, Laundry Manager; Gary Johnson, Defendants–Appellees.

No. 03–20869.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Sept. 20, 2004.

Terrence Applewhite, Huntsville, TX, pro se.

Dawn D. Rogers, Austin, TX, for Defendants–Appellees.

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Terrence Applewhite, Texas prisoner # 770432, appeals the district court's judgment granting summary judgment in favor of the defendants in his civil rights complaint pursuant to 42 U.S.C. § 1983. As an initial matter, Applewhite does not argue that the district court erred in dismissing his claims under the Texas Tort Claims Act and erred in denying his request for injunctive relief. Nor does Applewhite aver that the district court erred in dismissing his claim against Janie Cockrell ** for failure to state a claim or in rejecting his retaliation claim. *Id.* Accordingly, he is deemed to have abandoned the issues on appeal. *Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993).

This court reviews a grant of summary judgment *de novo. Abbott v. Equity Group, Inc.,* 2 F.3d 613, 618 (5th Cir.1993). Applewhite has failed to show a genuine issue for trial that the defendants were deliberately indifferent to his serious medical need. *See Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The summary judgment evidence showed that Applewhite's foot condition did not constitute a serious medical need and that any swelling or pain was not caused by the wearing of the state-issued boots for five hours. The judgment of the district court is

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

** The complaint originally named Gary Johnson. As Cockrell succeeded Johnson as Director of the TDCJ–IJ, Cockrell was substitut-

---

ed as a party pursuant to FED.R.CIV.P. 25(d)(1).